15-384-cv
NLRB v. Tekweld Solutions, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

NATIONAL LABOR RELATIONS BOARD,
*Petitioner*,

v.                                                                No. 15-384-cv

TEKWELD SOLUTIONS, INC.,
*Respondent*.

------------------------------------------------------------------------

FOR PETITIONER:                    Kira Dellinger Vol, Supervisory Attorney; Marni Von Wilpert, Attorney; Jennifer Abruzzo, Deputy General Counsel; John H. Ferguson, Associate General Counsel; and Linda Dreeben, Deputy Associate General Counsel, *on the brief*), *for* Richard F. Griffin, Jr., General Counsel, National Labor Relations Board, Washington, D.C.

1

FOR RESPONDENT:                          Morris Tuchman, Esq., New York, New York.

Petition to enforce an order of the National Labor Relations Board (Members Miscimarra, Hirozawa, and Johnson).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition of the National Labor Relations Board is GRANTED.

The National Labor Relations Board ("NLRB") petitions for enforcement of its January 22, 2015 order finding that respondent Tekweld Solutions, Inc. ("Tekweld") has failed to recognize and bargain with Warehouse Production Sales and Allied Service Employees Union, Local 811 (the "Union"), and ordering Tekweld to do so.  Tekweld challenges the election under which the Union was certified as well as the Regional Director's authority to certify the Union.  We review a request to overturn the NLRB's certification of an election for abuse of discretion, see Rochester Joint Bd., Amalgamated Clothing & Textile Workers Union v. NLRB, 896 F.2d 24, 27 (2d Cir. 1990), while other mixed questions of law and fact are reviewed de novo, though "we defer to the Board's decision when there appears to be more than one reasonable resolution and the Board has adopted one of these," Sheridan Manor Nursing Home, Inc. v. NLRB, 225 F.3d 248, 252 (2d Cir. 2000).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to grant the petition.

2

1.    Validity of Election Results

Tekweld argues that the use of a March 2013 employee list to determine eligibility for an election ultimately held in November 2013 renders the election unrepresentative. Tekweld does not dispute that the stipulated election agreement provided for a March 8, 2013 cutoff date for eligibility; that the votes ultimately counted reflect the Excelsior list provided by Tekweld[1]; or that Tekweld failed to challenge the Excelsior list or eligibility criteria at any point before the election.   It argues only that the exclusion of the votes of 23 employees hired after March 8, 2013[2]—against a final vote tally of 26 votes in favor of certification and 22 against—renders the election impermissibly unrepresentative.   The NLRB must adhere to "the principle of majority rule," but that principle "does not foreclose practical adjustments designed to protect the election machinery from the ever-present dangers of abuse and fraud," which the Supreme Court has recognized can include the use of "registration lists which are closed some time prior to election day." NLRB v. A.J. Tower Co., 329 U.S. 324, 331 (1946).  Thus, we identify no abuse of discretion in the NLRB's decision to adhere to the Excelsior list agreed to by the parties despite a lapse of eight months before the election.   Compare Lane Aviation Corp., 221

[1] An Excelsior list is a list of eligible employees and their contact information, which must be provided by the employer to all parties participating in the representation proceeding pursuant to the NLRB's rule announced in Excelsior Underwear, Inc., 156 N.L.R.B. 1236 (1966).   See generally NLRB v. Beech-Nut Life Savers, Inc., 406 F.2d 253, 255–56 (2d Cir. 1968).

[2] A twenty-fourth ballot was found to be invalid due to the voter's employment status, a finding that Tekweld does not challenge.

3

N.L.R.B. 898, 898 (1975) (approving 13-month-old list), with Interlake Steamship Co., 178 N.L.R.B. 128, 129 (1969) (requiring new list after lapse of 26 months).

2.    Validity of Certification

Tekweld argues that, even if the election was valid, its timely objection to the revised tally of ballots after the NLRB's ruling on challenged ballots stripped the Regional Director of the authority to certify the Union.  Some brief background is necessary to explain why this argument fails.   The original tally of ballots showed 22 votes in favor of the Union and 21 against, with 30 challenged ballots.   Because the number of challenged ballots exceeded the margin of the vote, the Regional Director issued a report and recommendation to the NLRB rather than immediately certifying the Union.  See 29 C.F.R. § 102.69(c) (describing procedures for consent elections where challenged ballots are sufficient in number to affect results).   The NLRB issued a determinative ruling on all 30 challenges, sustaining challenges to 24 ballots and accepting six ballots on consent of both parties.  See Tekweld Sols., Inc., 361 N.L.R.B. 18 (2014). It then directed the Regional Director to conduct a revised tally of ballots in accordance with that ruling.   See id.   That tally found 26 votes in favor of the Union and 22 against (with one void ballot), along with the 24 sustained challenges.   Tekweld filed an objection six days later, asserting that 23 of the challenged ballots should have been counted.   The Regional Director, finding that the objection was to the original tally and the NLRB's ruling rather than to the revised tally, concluded that Tekweld failed to state a valid objection and,

4

therefore, certified the Union. The NLRB granted Tekweld permission to appeal rejection of its objection, and denied the appeal on the merits.

Pursuant to 29 C.F.R. § 102.69(e), if

> no objection to such revised tally is filed by any party within 7 days after the revised tally of ballots has been made available, the regional director shall forthwith issue to the parties certification of the results of the election, including certifications of representative where appropriate, with the same force and effect as if issued by the Board.

The parties agree that, by implication, if an objection to the revised tally is filed within seven days, the Regional Director cannot certify the results of the election and must instead transfer the dispute to the NLRB. See id. Thus, the dispute here turns on whether Tekweld's objection was to the revised tally or merely the reiteration of an already-rejected challenge to the initial tally.

While § 102.69(e) may admit of some ambiguity as to what constitutes an objection to "such revised tally," we defer to the NLRB's reasonable interpretation of its own regulation, drawing a distinction between those objections that pertain equally to the original tally and those that pertain uniquely to the revised tally, which it has applied consistently across adjudications. See Staco, Inc., 248 N.L.R.B. 1329, 1331 n.10 (1980) (distinguishing new challenges to counting of single ballot that NLRB had mandated opening in revised tally from objections to non-counting of ballots for which NLRB had already sustained objections), enforced mem. sub nom. NLRB v. Staco, Inc., 647 F.2d 162 (2d Cir. 1981); Grants Furniture Plaza, Inc., 213 N.L.R.B. 413, 413 (1974) ("[T]he

5

objections must involve only those circumstances leading up to and surrounding the revised count, not those circumstances surrounding the election itself."). See generally Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 780 (2d Cir. 2002) ("An agency's consistent interpretation of its regulations is to be given controlling weight unless plainly erroneous or inconsistent with the regulation." (citing, inter alia, Auer v. Robbins, 519 U.S. 452, 461 (1997))). Having accepted that legal distinction, we conclude that the NLRB correctly applied it to the facts of this case in finding Tekweld's objection invalid. We therefore uphold the Regional Director's certification of the Union and the NLRB's attendant finding of Tekweld's refusal to bargain. See Tekweld Sols., Inc., 361 N.L.R.B. 164 (2015).

3.    Conclusion

We have considered all of respondent's remaining arguments and conclude that they are without merit. Accordingly, the petition for enforcement of the NLRB's order is GRANTED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6